U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 2 1 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUAN PABLO CEBALLOS-PECINA,<br>Petitioner | CIVIL ACTION NO. 1:16-CV-304;<br>SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| J. A. BARNHART,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed on March 4, 2016, by pro se Petitioner Juan Pablo Ceballos-Pecina (#59383-279). Petitioner is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Procedural History

On May 28, 2014, Petitioner was arrested in Hidalgo County, Texas, for Evading Arrest / Detention with Vehicle. (Doc. 1, p. 13). On July 30, 2014, while in state custody, Petitioner was "borrowed" by federal authorities pursuant to a federal writ of habeas corpus *ad prosequendum*. (Doc. 1, p. 9, 13). On December 1, 2014, in the United States District Court for the Southern District of Texas, Petitioner was found guilty of reentering the United States after previously being deported. He was

sentenced to 37 months of imprisonment. (7:14-cr-1056, S.D. Tex., Doc. 25). Petitioner was returned to state custody on December 4, 2014.

On January 12, 2015, Petitioner was sentenced in state court to a 2-year term of imprisonment for Evading Arrest / Detention with Vehicle. (Doc. 1, p. 13).

## Law and Analysis

Petitioner seeks credit against his federal sentence for the time spent in "borrowed" federal custody pursuant to a writ of habeas corpus *ad prosequendum.*

First, the authority to grant or deny credit for prior custody is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the Bureau of Prisons ("BOP"). See U.S. v. Wilson, 503 U.S. 329 (1992). Through a § 2241 petition, a district court may review a challenge to the BOP's refusal to grant prior custody credit. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010).

A federal writ of habeas corpus *ad prosequendum* does not deprive state authorities of primary jurisdiction over a petitioner. Such a writ permits one sovereign (in this case, the federal government) to temporarily "borrow" a person in the custody of another sovereign (in this case, the State of Texas) for the purpose of prosecuting him. The receiving jurisdiction merely obtains limited jurisdiction over the person, who remains under the primary jurisdiction, and in the custody of, the sending sovereign. See Flick v. Bevins, 887 F.2d 778, 781 (7th Cir.1989) (per curiam). A prisoner is not entitled to credit toward a federal sentence for the time spent in a federal detention center under a writ of habeas corpus *ad prosequendum* if the

2

prisoner received credit for such time toward his state sentence. See Vignera v. Attorney General of the United States, 455 F.2d 637, 638 (5th Cir. 1972).

Additionally, 18 U.S.C. § 3585(b) provides that a prisoner is entitled to credit for time spent in official detention prior to being received in federal custody if that prior time *has not been credited toward another sentence.* 18 U.S.C. § 3585(b) (emphasis added). Thus, a prisoner is not entitled to double credit.

In this case, records show that Petitioner received presentence credit toward his state sentence from May 28, 2014 through January 11, 2015, which encompasses the time that he was in "borrowed" federal custody. (Doc. 1, p. 13). Because this time period was credited toward Petitioner's state sentence, it cannot also be applied to his federal sentence. See Vignera, 455 F.2d at 638; 18 U.S.C. § 3585(b).

For the foregoing reasons, **IT IS RECOMMENDED** that the § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection

to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 21st day of March, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge